# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON HILLMON, | CV F   05-1225 LJO SMS HC |
| Petitioner, | ORDER DIRECTING RESPONDENT TO SUBMIT SUPPLEMENTAL ANSWER ADDRESSING CLAIM INVOLVING THE GOVERNOR'S 2003 FINDING OF UNSUITABILITY FOR PAROLE |
| v. | |
| K. MENDOZA-POWERS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is represented to Richard Pfeiffer, Esq.

Petitioner filed the instant petition for writ of habeas corpus on September 8, 2005, in the United States District Court for the Central District of California, Western Division.  By order of September 13, 2005, the petition was transferred to this court, and filed on September 28, 2005. (Court Doc. 1.)  On April 4, 2006, Petitioner filed an amended petition.  (Court Doc. 6.)

Respondent filed an answer to the amended petition on April 4, 2007.  Petitioner did not file a traverse.

In her answer, Respondent acknowledges that the amended petition challenges both the California Board of Parole Hearings finding him unsuitable for parole following a parole consideration hearing on March 3, 2004, and Governor Davis' reversal of the 2002 Board of

1  Parole Hearings finding of suitability for parole[1]; however, Respondent did not address the merits
2  of Petitioner's claim challenging the Governor's reversal.  Pursuant to Rule 4 of the Rules
3  Governing Section 2254 Cases and this Court's order of April 13, 2006, within **thirty (30)** days
4  from the date of service of this order, Respondent is directed to file a supplemental answer
5  addressing the merits of Petitioner's claim challenging the Governor's 2003 reversal of the
6  Board's finding of suitability for parole.  Within **twenty (20)** days from the date Respondent files
7  her supplemental answer, Petitioner may file a supplemental traverse.

9  IT IS SO ORDERED.

10 **Dated:   February 15, 2008**              /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that claims involving separate and distinct instances, such as here, should generally be raised in two separate petitions; however, in the interest of judicial efficiency, the claims will not be separated at this juncture and will be heard simultaneously in the instant petition.